**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL J. HERNANDEZ,

    Defendant - Appellant.

No. 02-3069
D.C. No. 01-CR-40088-02-SAC
(D. Kansas)

**ORDER AND JUDGMENT***

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant, Manuel J. Hernandez, and a co-defendant, James Raymond

Harris, were charged in a two-count indictment with robbery of a credit union in

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of 18 U.S.C. §§ 2 and 2113(a) & (d), and with use of a firearm during the commission of a federal crime of violence in violation 18 U.S.C. §§ 2 and 924(c). Pursuant to a plea agreement, Hernandez pleaded guilty to the count of robbery in violation of 18 U.S.C. § 2113(d). In exchange for his guilty plea, the government dismissed the remaining count in the indictment. The district court accepted Hernandez' plea and sentenced him to 57 months' imprisonment and three years' supervised release with special conditions of supervision. Hernandez appeals his sentence arguing that the district court clearly erred in failing to find he was a minor participant in the robbery and in refusing to reduce his base offense level under U.S.S.G. § 3B1.2.

Hernandez' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), wherein counsel advises this court that Hernandez' appeal is wholly frivolous. Accordingly, counsel has also filed a motion to withdraw. Hernandez has been given notice of the *Anders* brief and counsel's motion to withdraw. Hernandez has failed to respond to this notice.

The district court has the discretion under § 3B1.2 to grant a defendant a two-level reduction in base offense level if it finds that the defendant was a minor participant in the charged offense. U.S.S.G. § 3B1.2; *United States v. Santistevan*, 39 F.3d 250, 254 (10th Cir. 1994). The defendant has the burden to establish, by a preponderance of the evidence, that he is entitled to a § 3B1.2

reduction. *Santistevan*, 39 F.3d at 254. "A trial court's determination as to whether a defendant was a minimal or minor participant is a factual finding that we review only for clear error." *United States v. Lockhart*, 37 F.3d 1451, 1455 (10th Cir. 1994).

Hernandez objected to the Presentence Investigation Report ("PSR") arguing that a two-level reduction in his base offense level was appropriate under § 3B1.2. The district court addressed Hernandez' objection at the sentencing hearing. Hernandez' counsel stated that Hernandez would rely on the PSR for the factual basis of his argument. Hernandez himself also declined to present any additional evidence regarding his participation in the robbery. Using facts set forth in the PSR, the district court found that Hernandez "drove Harris to the credit union, supplied Harris with a gun, and went to a predetermined location to assist Harris in fleeing from the robbery." The district court found that under these circumstances, Hernandez was not a minor participant in the robbery and concluded that a reduction in base offense level under § 3B1.2 was not warranted.

Hernandez does not dispute the district court's findings regarding his participation in the robbery. He does, however, argue that because he did not enter the credit union, retrieve the money, brandish the gun, or threaten credit union employees, the district court was required to find him a minor participant under § 3B1.2. A defendant, however, is not entitled to a base offense level

reduction under § 3B1.2 merely because he was comparatively less culpable than his co-defendant. *Lockhart*, 37 F.3d at 1455; *United States v. Caruth*, 930 F.2d 811, 815 (10th Cir. 1991). Rather, the defendant must be "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, cmt. n.3(A).

The district court's determination that Hernandez was not a minor participant is supported by substantial evidence and is not clearly erroneous. Consequently, we ascertain no error in the district court's conclusion not to grant Hernandez a base offense level reduction under § 3B1.2.

Upon review of the record, this court concludes that no non-frivolous grounds for appeal exist. The district court's sentence is **affirmed** and counsel's motion to withdraw is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-